UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| DAVID ZEGER, | ) | CASE NO. 1:07 CV 1469 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| SWACK LIMITED PARTNERSHIP, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On May 21, 2007, plaintiff pro se David Zeger filed this diversity action against Swack Limited Partnerships, Swack Group Partnership, the Provident Companies, Lock It Up West, and the Cassidy Auctioneers. In the complaint, plaintiff asserts that personal property which he stored at the Lock it Up West facility was inadvertently sold at auction. He seeks unspecified monetary damages. Mr. Zeger also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Zeger is a resident of the State of Georgia. He indicates that the defendants are all corporations which maintain their principal place of business in the State of Ohio. Mr. Zeger claims that the Swack Limited Partnership and the Swack Group Partnership are jointly and

severally doing business as the Provident Companies. He contends that the Provident Companies, in turn, own or operate Lock It Up West, which he describes as a "self-service storage facility."

Mr. Zeger entered into a rental agreement with Lock It Up West in May 2004 for use of a storage facility. The fee for his unit was $ 42.90 per month. Thereafter, Mr. Zeger placed what he describes as:

> his personal effects, of which have great importance, considerable intrinsic value, and of immeasurable inherent value to him, including but not limited to mementos, heirlooms, photos, documents, items of unique value, bank account information in both paper and electronic form, computers containing confidential and private personal data, rare or one of a kind items or antiques, household goods and other valuable personal property of his estate.

(Compl. at 5.) He indicates that within thirty days of entering into the lease agreement, he moved his permanent residence from Ohio to Georgia and provided Lock It Up West with his new address.

Lock It Up West sent a letter to Mr. Zeger dated March 24, 2006 indicating:

> your items in Unit 1047 will be in the next auction to be held ... on May 21, 2006 at 2 P.M. To avoid this auction, we will need to have payment in full before the auction dated above... . Balance due at this time is $230.46. ... Items to be auction [sic] will be as follows: Wagon, tools, lamp, shelf.

(Compl. Ex. B) Mr. Zeger does not appear to dispute that he was delinquent on his account, but indicates that he sent the full amount due within the time period specified on the notice. He further states that Lock It Up West verbally agreed to continue the contract and increased the monthly payment.

Mr. Zeger alleges that although the payment was made in a timely manner, his property was nevertheless removed from his storage unit and sold at auction. He indicates that he learned of the sale when he received a letter from Lock It Up West dated May 22, 2006 stating, "the

2

items in unit 1047 was [sic] in-advertently [sic] sold at our auction on May 21, 2006." (Compl. Ex. E.) He was told that the company was "not sure how the mishap happened, but we are doing all we can in our power to fix this. The auctioneer is working with [us] to locate your items." (Compl. Ex. E.) In spite of these assurances, it does not appear that Lock It Up West was able to retrieve all of the Mr. Zeger's property and they have not been able to agree on an appropriate amount for reimbursement. He asserts claims for breach of contract, defamation from the auction advertisement, libel from the auction advertisement, false advertisement, theft, conversion, unjust enrichment, unconscionable business practices, and conspiracy. He seeks unspecified "rescissory damages," "liquidated treble damages," "irreparable damages," "lost expectation damages," "discretionary and anticipatory damages," "special damages," punitive damages, and litigation expenses.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

dismissed pursuant to §1915(e).

As an initial matter, a plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, in addition to alleging facts to demonstrate complete diversity of citizenship, the plaintiff must also reasonably indicate that the case meets the jurisdictional amount in controversy requirement. The amount in controversy alleged in the complaint generally will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. See Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir.1990). In this case, however, Mr. Zeger does not specify an amount he seeks in damages. Moreover, based upon the nature of his claims and the facts alleged, it is very difficult to conclude that the damages would equal or exceed $ 75,000.00. Mr. Zeger's description of his lost property includes tools, handmade gifts from his toddlers, diaries, cards given to him by his ancestors, photos, mementos, computers and personal documents. The letter sent by Lock It Up West states that the property to be sold included a "Wagon, tools, lamp, [and a] shelf." While these items no doubt contain great sentimental value for Mr. Zeger, there is nothing to suggest that their monetary value would even approach $ 75,000.00.

The court notes that Mr. Zeger also requests punitive damages. Punitive damages are included in the calculation of the amount in controversy to the extent they are permitted under the applicable state law. See Klepper v. First Am. Bank, 916 F.2d 337, 340 (6th Cir.1990). Mr. Zeger's complaint contains claims for breach of contract and various torts. Under Ohio law, punitive damages are not available for breach of contract claims, Digital & Analog Design Corp. v. N. Supply Co., 44 Ohio St.3d 36, 45-46, (1989). Although punitive damages are available in a tort action, a court may not enter judgment for punitive or exemplary damages in excess of the

lesser of two times the amount of the compensatory damages or ten percent of the individual defendant's net worth when the tort was committed. OHIO REV. CODE § 2315.21(D)(2)(b). There is nothing in the complaint that reasonably suggests that the damages in this case could meet the jurisdictional requirement. While it is understandable that Mr. Zeger is unhappy with what occurred, and it appears that he could properly assert claims under state law to seek redress for harm done to him, it seems the appropriate forum within which to assert those claims is the state court.

### Conclusion

Accordingly, Mr. Zeger's Application to Proceed In Forma Pauperis is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: June 18, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.